## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME ANDERSON,<br><br>         Plaintiff,<br><br>    v.<br><br>VINE ENERGY INC., ERIC D. MARSH, ANGELO G. ACCONCIA, H. PAULETT EBERHART, DAVID I. FOLEY, JOHN H. LEE, and CHARLES M. SLEDGE,<br><br>        Defendants, | Civil Action No. _____<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Jerome Anderson ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Vine Energy Inc. ("Vine Energy" or the "Company") and Vine Energy's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Chesapeake Energy Corporation through its wholly-owned subsidiaries Hannibal Merger Sub, Inc. and Hannibal Merger Sub, LLC (collectively "Chesapeake Energy").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 1, 2021. The Proxy recommends that Vine Energy stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Vine Energy is acquired by Chesapeake Energy. The Proposed Transaction

1

was first disclosed on August 11, 2021, when Vine Energy and Chesapeake Energy announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Vine Energy stockholders will receive 0.2486 shares of Chesapeake Energy common stock and $1.20 in cash for each share of Vine Energy common stock that they hold (the "Merger Consideration"). The deal is valued at approximately $2.2 billion and is expected to close in the fourth quarter of 2021.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Vine Energy management, as well as the financial analyses conducted by Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), Vine Energy's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disseminated to Vine Energy's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Vine Energy.

6.      Defendant Vine Energy is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 5800 Granite Parkway, Suite 550, Plano, Texas 75024. Vine Energy common stock trades on NYSE under the ticker symbol "VEI."

7. Defendant Eric D. Marsh has been President, CEO and a director of the Company since 2014. Defendant Marsh also serves as Chairman of the Board.

8. Defendant Angelo G. Acconcia has been a director of the Company since 2014.

9. Defendant H. Paulett Eberhart has been a director of the Company since March 2021.

10. Defendant David I. Foley has been a director of the Company since March 2021.

11. Defendant John H. Lee has been a director of the Company since June 29, 2021.

12. Defendant Charles M. Sledge has been a director of the Company since 2017.

13. Defendants Marsh, Acconcia, Eberhart, Foley, Lee, and Sledge are collectively referred to herein as the "Board."

14. Nonparty Chesapeake Energy Corporation is an Oklahoma corporation with its principal executive offices located at 6100 North Western Avenue, Oklahoma City, OK 73118. Chesapeake Energy Corporation common stock trades on NASDAQ under the ticker symbol "CHK."

15. Nonparty Hannibal Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Chesapeake Energy Corporation.

16. Nonparty Hannibal Merger Sub, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Chesapeake Energy Corporation.

**JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

18. Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

19.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

20.     Vine Energy, through its operating subsidiaries, develops, produces and sells natural gas in the Haynesville Basin in Northern Louisiana. The Company was formed for the purpose of making an initial public offering, which occurred on March 17, 2021. Vine Energy's sole material asset is its membership interests in Vine Holdings, which owns limited partnership interests in Vine Oil & Gas and Brix and Harvest. Vine Oil & Gas and Brix and Harvest are the companies through which Vine Energy operates.

21.     On August 10, 2021, the Company entered into the Merger Agreement with Chesapeake Energy.

22.     According to the press release issued on August 11, 2021 announcing the Proposed Transaction:

### CHESAPEAKE ENERGY CORPORATION CONSOLIDATES HAYNESVILLE WITH AT- MARKET ACQUISITION OF VINE ENERGY INC.

OKLAHOMA CITY, August 11, 2021 – Chesapeake Energy Corporation (NASDAQ:CHK) ("Chesapeake") and Vine Energy Inc. (NYSE:VEI) ("Vine") today announced that they have entered into a definitive agreement pursuant to which Chesapeake will acquire Vine, an energy company focused on the development of natural gas properties in the over-pressured stacked Haynesville

and Mid-Bossier shale plays in Northwest Louisiana. The acquisition is a zero premium transaction valued at approximately $2.2 billion, based on a 30-day average exchange ratio as of Tuesday's close, equating to $15.00 per share.

Transaction highlights include:

- *Vine shareholders will receive fixed consideration of 0.2486 shares of Chesapeake common stock plus $1.20 cash per share of Vine common stock, for total consideration of $15.00 per share, comprising of 92% stock and 8% cash*

- *Increases Chesapeake's cumulative five-year free cash flow outlook by approximately $1.5 billion, or 68% of the transaction value, to approximately $6.0 billion, or 66% of pro forma enterprise value*

- *Immediately accretive to operating cash flow per share, free cash flow per share, free cash flow yield, and GHG emissions profile*

- *2022 pro forma net debt-to-EBITDAX ratio of 0.6x, preserves Chesapeake's balance sheet strength*

- *Approximately $50 million in average annual savings expected from operating and capital synergies*

- *Expected to increase base dividend by 27% to $1.75 per share post close reflecting cash flow accretion of transaction, subject to Board approval*

- *Vine position consolidates Haynesville/Bossier adding approximately 370 premium 50% rate of return drilling locations at $2.50 NYMEX gas price*

- *Lowers Chesapeake's pro forma total gathering, processing and transportation (GP&T) expense by approximately 15% and diversifies the company's midstream partnerships*

Mike Wichterich, Chesapeake's Board Chairman and Interim Chief Executive Officer, commented, "This transaction strengthens Chesapeake's competitive position, meaningfully increasing our free cash flow outlook and deepening our inventory of premium gas locations, while preserving the strength of our balance sheet. By consolidating the Haynesville, Chesapeake has the scale and operating expertise to quickly become the dominant supplier of responsibly sourced gas to premium markets in the Gulf Coast and abroad."

Eric Marsh, Vine's Chairman, President, and Chief Executive Officer said, "We firmly believe that the quality of our assets, combined with the scale, depth and diversity of Chesapeake's portfolio, and our shared unwavering commitment to

ESG excellence, provides significant opportunity to accelerate the return of capital to our combined shareholders."

David Foley, Global Head of Blackstone Energy Partners added, "We believe in the benefits of consolidation. Blackstone looks forward to being a Chesapeake shareholder and participating fully in the significant value creation potential that will be unlocked by the combined company."

**Transaction Details**

Under the terms of the merger agreement, which was unanimously approved by the Board of Directors of each company, Vine shareholders will receive a fixed exchange ratio of 0.2486 Chesapeake shares of common stock and $1.20 of cash for each share of Vine common stock owned. Upon closing, Chesapeake shareholders will own approximately 86% and Vine shareholders will own approximately 14% of the fully diluted shares of the combined company.

The transaction, which is subject to customary closing conditions, including certain regulatory approvals, and the approval of Vine shareholders, is expected to close in the fourth quarter of 2021. Funds managed by The Blackstone Group Inc. own approximately 70% of outstanding shares of Vine common stock and have entered into a support agreement to vote in favor of the transaction.

**B. The Materially Incomplete and Misleading Proxy**

23.     On October 1, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> ***Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts***

24.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Houlihan Lokey's fairness opinion, Houlihan Lokey reviewed "certain financial projections relating to Vine for the fiscal years ending 2021 through 2025" that were provided by Vine.

Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Vine Energy's management provided to the Board and Houlihan Lokey.

25.     Notably, Defendants failed to disclose the line items underlying the calculation of Adjusted EBITDA, Operating Cash Flow, and Adjusted Free Cash Flow provided in the "Vine Unaudited Forecasted Financial Information." This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Houlihan Lokey's Financial Analyses*

26.     With respect to the *Selected Companies Analysis* for both Vine Energy and Chesapeake Energy, the Proxy fails to disclose the multiples for EV / 2021E Average Daily Production, EV / 2021E Adjusted EBITDAX, and EV / 2022E Adjusted EBITDAX for each company selected.

27.     With respect to the *Selected Transactions Analysis* for Vine Energy, the Proxy fails to disclose the transaction values for each of the transactions selected. The Proxy also fails to disclose the multiples for transaction value / LQA Production plus undeveloped acreage and transaction value / LQA EBITDAX for each selected transaction.

28.     With respect to the *Corporate Discounted Cash Flow Analysis* for Vine Energy, the Proxy fails to disclose the estimated net present value of the projected unlevered, after-tax free cash flows of Vine Energy. The Proxy also fails to disclose the terminal vales for Vine Energy, as well as Vine Energy's EBITDAX for fiscal year 2025. In addition, the Proxy fails to disclose inputs and assumptions underlying the discount rates of 7.0% to 8.0%.

29.     With respect to the *Net Asset Value Discounted Cash Flow Analysis* for Vine Energy, the Proxy fails to disclose the estimated net present value of its estimated gas reserves in each of the 1P Reserves and 3P Reserves categories for Vine Energy. The Proxy also fails to

disclose the inputs and assumptions underlying the discount rates of 7.0% to 8.0%.

30.    With respect to the *Selected Transactions Analysis* for Chesapeake Energy, the Proxy fails to disclose the transaction values for each of the transactions selected. The Proxy also fails to disclose the multiples for transaction value / LQA Production and transaction value / LQA EBITDAX for each selected transaction.

31.    With respect to the *Corporate Discounted Cash Flow Analysis* for Chesapeake Energy*,* the Proxy fails to disclose the estimated net present value of the projected unlevered, after-tax free cash flows of Chesapeake Energy. The Proxy also fails to disclose the terminal values for Chesapeake Energy, as well as Chesapeake Energy's EBITDAX for fiscal year 2025. In addition, the Proxy fails to disclose inputs and assumptions underlying the discount rates of 7.5% to 8.5%.

32.    With respect to the *Net Asset Value Discounted Cash Flow Analysis* for Chesapeake Energy, the Proxy fails to disclose the estimated net present value of its estimated gas reserves in each of the 1P Reserves and 3P Reserves categories for Chesapeake Energy. The Proxy also fails to disclose the inputs and assumptions underlying the discount rates of 7.5% to 8.5%.

33.    Additionally, the Proxy fails to disclose information about the fees received by Houlihan Lokey for the services provided to Vine Energy. The Proxy states that Houlihan Lokey will receive $3 million for acting as financial advisor to Vine Energy. However, the Proxy does not disclose how much was paid upon executing the engagement letter with Vine Energy, nor the amount that will be due upon completion of the Proposed Transaction. The Proxy also fails to disclose the fees received by Houlihan Lokey for the services provided to Chesapeake Energy, Blackstone Inc., and their affiliates in the two years prior to rendering its fairness opinion.

34.    Furthermore, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the

materially incomplete and misleading information discussed above.

35.    Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

36.    The Proxy indicates that on August 10, 2021, Houlihan Lokey reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Vine Energy stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Houlihan Lokey's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

37.    Plaintiff is immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

38.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.    Defendants have filed the Proxy with the SEC with the intention of soliciting Vine Energy stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material

information referenced above.

40.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Vine Energy, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

41.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Vine Energy shares and the financial analyses performed by Houlihan Lokey in support of its fairness opinion.

43.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Houlihan Lokey reviewed and discussed its financial analyses with the Board on August 10, 2021, and further states that the Board considered Houlihan Lokey's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that

the material information identified above has been omitted from the Proxy, rendering the sections

of the Proxy identified above to be materially incomplete and misleading.

44.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who

will be deprived of his right to cast an informed vote if such misrepresentations and omissions are

not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at

law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected

from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

46.     The Individual Defendants acted as controlling persons of Vine Energy within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Vine Energy and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in

the Proxy filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and

misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to

copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the

Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause

the statements to be corrected.

48.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

49.    In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 15, 2021                     **ROWLEY LAW PLLC**

                                            *S/ Shane T. Rowley*
                                            Shane T. Rowley (SR-0740)
                                            Danielle Rowland Lindahl
                                            50 Main Street, Suite 1000
                                            White Plains, NY 10606
                                            Tel: (914) 400-1920
                                            Fax: (914) 301-3514
                                            Email: srowley@rowleylawpllc.com
                                            Email: drl@rowleylawpllc.com

                                            *Attorneys for Plaintiff*